35 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Ray LEWIS, Jr., Defendant-Appellant.
 No. 93-4175.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald Ray Lewis, Jr., appeals the judgment of sentence imposed following his plea of guilty to possession of firearms by a felon in violation of 18 U.S.C. Secs. 922(g) and 924(a)(2). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Prior to imposing sentence, the district court calculated an offense level of 21 and a criminal history category of VI, which resulted in a sentencing range of seventy-seven to ninety-six months. Lewis did not object to the calculation of the offense level or criminal history category. However, he requested the district court to depart downward from the recommended sentencing range based on diminished mental capacity under U.S.S.G. Sec. 5K2.13. The district court denied the request. Lewis was sentenced to serve seventy-seven months of imprisonment and two years of supervised release. On appeal, Lewis argues that the district court erred by refusing to depart downward on the basis of diminished mental capacity.
 
 
 3
 Upon review, we conclude that the issue raised by Lewis is not appealable. See United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990). Where the guideline range was properly computed, the district court was aware of its discretion to depart from the guideline range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, the failure to depart is not cognizable on appeal. Id.
 
 
 4
 Under the sentencing guidelines, the district court may apply a downward departure from the recommended guideline range if "the defendant committed a non-violent offense while suffering from a significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants." U.S.S.G. Sec. 5K2.13. The departure should reflect the extent to which reduced mental capacity contributed to the commission of the offense. Id.
 
 
 5
 Lewis argues that the district court did not adequately consider the specific criteria for a downward departure under U.S.S.G. Sec. 5K2.13. Lewis contends that the district court failed to make particularized findings as to (1) whether the criminal offense was nonviolent, (2) whether the defendant (Lewis) suffered from a significantly reduced mental capacity which contributed to the offense, and (3) whether the defendant's criminal history indicated a need for incarceration to protect the public. His argument is not well taken.
 
 
 6
 Review of the record reveals that the district court made the following findings:
 
 
 7
 The Court has observed and conversed with the defendant on several occasions. It is convinced that the defendant was capable of understanding the questions regarding his criminal history [asked of him at the time of the firearms purchase]. The Court finds that the saleswoman read the questions to him. Further, he was convicted of the crime of Having Weapons While Under a Disability in 1985. The defendant's criminal history does indicate a need for incarceration to protect the public.
 
 
 8
 Reasons for Sentence, Judgment at 4. The record reveals that the district court knew it had discretion to depart under Sec. 5K2.13 but determined that such a departure was not warranted under the facts of this case. We conclude therefore that the district court's refusal to depart is not subject to our review.
 
 
 9
 Accordingly, the district court's judgment is affirmed.